was committed within the jurisdiction of the court. (Gordon v. The State, 4 Mo. 375.)

But the question of venue or jurisdiction is always a question of fact, and may be proved like any other fact. If the evidence raises a violent presumption that the offense for which the prisoner is indicted was committed in the county where he was tried, it is sufficient. (1 Whart. Cr. Law, § 601.) We cannot discover any such error as would justify us in disturbing the verdict.

Judgment affirmed. The other judges concur.

* * *

THE STATE OF MISSOURI, Respondent, v. PATRICK DUFFY, Appellant.

1. State v. Burns, *ante,* p. 438, affirmed.

*Appeal from St. Louis Circuit Court.*

*Chas. P. Johnson*, Circuit Attorney, for respondent.

*Jno. D. Stevenson* and *Geo. Babcock*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

The record in this case is essentially the same as that of State v. Burns, *ante*, p. 438. For the reasons therein stated, the judgment of conviction will be affirmed. The other judges concur.

* * *

T. A. MEYSENBURG *et al.*, Appellants, v. C. W. SCHLIEPER *et al.*, Respondents.

1. Meysenburg v. Schlieper, *ante*, p. 426, affirmed.

*Geo. P. Strong*, for appellants.

*E. C. Kehr*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is the counterpart of Meysenburg v. Schlieper, *ante*, p. 426, and the decision in that case determines the disposition to be made of this.